UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTONIO SCOTT,

                    Petitioner,

        -against-

UNITED STATES OF AMERICA,

                    Respondent.

08 Cr. 360 (LAP)
16 Civ. 5132 (LAP)

ORDER

Loretta A. Preska, Senior United States District Judge:

        Before the Court is Petitioner Antonio Scott's motion,
pursuant to 28 U.S.C. § 2255, to vacate his 18 U.S.C. § 924(c)
convictions based on United States v. Davis, 139 S. Ct. 2319
(2019).  (See Motion to Vacate ["Mot."], dated June 26, 2020
[dkt. no. 147].)[1]  The Government opposed the motion.  (See
Memorandum in Opposition ["Opp."], dated July 27, 2020 [dkt. no.
148].)  Mr. Scott filed both a reply and a letter to supplement
his motion; the Government responded to the latter in
opposition.  (See dkt. nos. 149, 152, and 153.)  For the reasons
set forth below, the motion is denied.

---

[1] All citations to docket entries herein refer to 08-cr-360.

1

I.  <u>Background</u>

    a. <u>Indictment and Trial</u>

On September 2, 2008, a grand jury issued a superseding indictment of Mr. Scott and one co-conspirator, O'Kene White, following a home invasion in which the two men targeted drugs and drug proceeds.  (<u>See</u> dkt. no. 31 ¶¶ 1-2.)  While inside the apartment, the indictment alleges that Mr. Scott restrained its occupants while threatening them at gunpoint, physically assaulted an occupant, and discharged a firearm.  (<u>Id.</u> ¶ 2.)  The indictment charged Mr. Scott in four counts relevant to this motion.  (<u>See</u> <u>id.</u> ¶¶ 1-5.)  Counts One and Two charged Mr. Scott with conspiracy and attempt to commit Hobbs Act robbery, respectively, in violation of 18 U.S.C. §§ 1951, 1952.  (<u>Id.</u> ¶¶ 1-3.)  Count Three charged Mr. Scott with attempted possession with intent to distribute a controlled substance (marijuana), in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2.  (<u>Id.</u> ¶ 4.)  Count Four charged Mr. Scott with using and carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a crime of violence or drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (iii), and 2.  (<u>Id.</u> ¶ 5.)

At trial, Judge Harold Baer, Jr. instructed the jury that to find Mr. Scott guilty on Count Four, it must have found that the defendant committed at least one of the crimes specified in

2

Counts One, Two, and Three.  (Dkt. no. 111 at 753-54.)  However, the jury's verdict form asked the jury only to mark "guilty" or "not guilty" on Count Four; it did not ask jurors explicitly to state the count(s) on which the Count Four conviction was predicated.[2]  (See Mot. at 12-13; Opp. at 5.)  Following its deliberations, the jury convicted Mr. Scott on all four counts. (See Mot. at 1; Opp. at 5.)

   b. Mr. Scott's Case Post-Trial

Mr. Scott moved for a judgment of acquittal after trial. (See dkt. no. 59 at 1.)  In denying the motion, Judge Baer specifically rejected Mr. Scott's argument that "no rational juror could have found [Mr. Scott] guilty of attempted possession with intent to distribute marijuana."  (See id. at 10.)

Subsequently, on January 30, 2009, Judge Baer sentenced Mr. Scott to a total of 207 months imprisonment.  (See dkt. no. 71 at 3.)  This sentence included 87 concurrent months on each of Counts One and Two; 60 months on Count Three, which ran concurrently with Counts One and Two; and 120 months on Count Four, which have run consecutively to the first three counts. (See id.)

_____

[2] The parties do not dispute that the jury reached a general verdict.  (See dkt. nos. 147 at 12-16; 148 at 16-22.)

Following sentencing, Mr. Scott directly appealed his convictions primarily on evidentiary grounds related to Counts One, Two, and Three.  See United States v. White, 372 F. App'x. 115, 116 (2d Cir. 2010) (summary order).  The Court of Appeals upheld each of Mr. Scott's challenged counts of conviction.  See id. at 117.  Because the Court rejected Mr. Scott's evidentiary challenges as to Counts One, Two, and Three, it "necessarily decline[d] [Mr. Scott's] invitation to reverse [his] convictions on the fourth count of possessing and discharging firearms during and in furtherance of the other charged crimes."  Id. at 117.

In 2011, Mr. Scott filed a 28 U.S.C. § 2255 motion, pro se, contesting his convictions on ineffective assistance and prosecutorial misconduct grounds.  (See dkt. no. 80.)  The Court denied the motion.  See Scott v. United States, 11-cv-4638 (HB), 2012 U.S. Dist. LEXIS 80797, at *4-6, 17 (S.D.N.Y Jun. 11, 2012).

c. The Instant Motion

In 2015, Mr. Scott's case was reassigned to this Court following the death of Judge Baer.  (See dkt. no. 91.)  Soon after, in light of the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), Mr. Scott filed a second

motion pursuant to 28 U.S.C. § 2255.[3]  (See dkt. no. 97.)  Mr.
Scott simultaneously sought permission from the Court of Appeals
to file a successive habeas petition.  (See Mot. at 2.)  This
Court stayed Mr. Scott's petition pending the Court of Appeals'
decision.  (See dkt. no. 134.)  On May 12, 2020, the Court of
Appeals granted Mr. Scott's motion with respect to his § 924(c)
conviction.  (See dkt. no. 135 at 1.)  The Court of Appeals
instructed this Court to conduct a detailed review of the
criminal proceedings and further fact finding to determine
whether Mr. Scott's "924(c) conviction predicated in part on
conspiracy to commit Hobbs Act robbery . . . is no longer valid
after Johnson and Davis."[4]  (Id. at 2.)  Subsequently, Mr. Scott
filed the instant motion on June 26, 2020.  (See Mot.)

  II.  Legal Standards

      a. The Habeas Statute

    Under 28 U.S.C. § 2255, a federal prisoner "may move the
court which imposed the sentence to vacate, set aside, or
correct the sentence" on the grounds, inter alia, that the

---

[3] In Johnson, the U.S. Supreme Court ruled that the Armed Career
Criminal Act's sentencing enhancement provision's residual
clause was unconstitutionally void for vagueness. See Johnson,
576 U.S. at 605-06. Johnson opened the door to further attacks
on similarly worded federal criminal statutes' sentencing
enhancement provisions, such as the Hobbs Act at issue in Davis.
See Davis, 139 S. Ct. at 2324-29.
[4] The Court of Appeals also acknowledged that Mr. Scott's
§ 924(c) conviction may still be supported by a valid predicate.
(See dkt. no. 135 at 2.)

"sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  On a § 2255 motion, the defendant bears the burden of proof by a preponderance of the evidence.  See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).  Moreover, a "district court's factual findings [regarding] a § 2255 petition may not be overturned unless clearly erroneous."  Feliz v. United States, No. 01-cv-5544 (JFK), 2002 U.S. Dist. LEXIS 15661, at *11 (S.D.N.Y. Aug. 22, 2002) (citing Triana, 205 F.3d at 40).

      b. Section 924(c)

Section 924(c) makes it a crime to possess a firearm "during and in relation to any crime of violence or drug trafficking crime."  18 U.S.C. § 924(c)(a)(A) (2020).  The statute provides two definitions for what constitutes a "crime of violence."  The first, known as the "force clause" (or the "elements clause"), classifies a crime of violence as a felony which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  Id. at § 924(c)(3)(A).  The second, known as the "risk of force" clause (or the "residual clause"), classifies a crime of violence as a felony that, "by its nature, involves a substantial risk that physical force against the person or

property of another may be used in the course of committing the offense." <u>Id.</u> at § 924(c)(3)(B).

The residual clause, however, is no longer enforceable.  In <u>Davis</u>, the Supreme Court found that § 924(c)'s "risk of force" clause was unconstitutionally vague and invalidated the provision.  139 S. Ct. at 2336.  As a result, a predicate "crime of violence" under § 924(c) is only valid if it falls within the scope of the force clause.  <u>See</u> <u>Boykin v. United States</u>, No. 16 CV 4185 (CM), 2020 U.S. Dist. LEXIS 27317, at *11 (S.D.N.Y. Feb. 18, 2020) ("924(c)(3)(B) has been effectively stricken from the statute.").

### c. <u>Jury Instructions on Multiple Theories of Guilt</u>

In <u>Hedgpeth v. Pulido</u>, the Supreme Court held that where a district court instructs a jury on multiple theories of guilt and at least one of them is later invalid, the question for reviewing courts is "whether the flaw in the instructions 'had substantial and injurious effect or influence in determining the jury's verdict.'"  555 U.S. 57, 58 (2008) (<u>per curium</u>)(citing <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623 (1993)).  In the Second Circuit, the Court of Appeals has applied this directive to mean a "defendant is not prejudiced by an infirm instruction" if "the jury would have necessarily found the [defendant] guilty on one of the properly instructed theories of liability." <u>United States v. Mandell</u>, 752 F.3d 544, 549 (2014) (internal quotation

7

marks omitted).  Under these circumstances, a defendant's
conviction will be upheld.  <u>See</u> <u>United States v. Ferguson</u>, 676
F.3d 260, 277 (2d Cir. 2011); <u>see also</u> <u>United States v. Riley</u>,
90 F. Supp. 3d 176, 186 (S.D.N.Y. 2015) (applying the standard).

    III. <u>Discussion</u>

    Mr. Scott's motion rests on two related theories.  (<u>See</u>
Mot. at 5, 12.)  First, he asserts that in light of <u>Davis</u>, none
of the original three counts on which the jury convicted him is
a valid predicate offense to support the § 924(c) sentencing
enhancement on Count Four.  (<u>Id.</u> at 5-12.)  Alternatively, Mr.
Scott argues that even if one valid predicate exists, the jury's
general verdict prevents this Court from ascertaining on which
of the three offenses the jury relied, thus creating an
uncertainty which should invalidate his conviction.  (<u>Id.</u> at 12-
17.)

    The Government concedes that although conspiracy to commit
Hobbs Act robbery is no longer a valid predicate offense for
§ 924(c) purposes, both attempted Hobbs Act robbery and the drug
trafficking charge remain valid predicates after <u>Davis</u>.  (<u>See</u>
Opp. at 7-16.)  Further, the Government maintains that so long
as one of the other two predicate offenses remains valid, the
§ 924(c) sentencing enhancement must stand.  (<u>See</u> <u>id.</u> at 16-22.)

    At the time Mr. Scott filed this motion, the question of
whether attempted Hobbs Act robbery constituted a valid

predicate offense for § 924(c) force clause purposes remained
open in this Circuit.  (See Mot. at 7-10; Opp. at 7-11.)  In the
intervening time between the instant motion and this Order, the
Court of Appeals has answered this question affirmatively.  See
United States v. McCoy, 995 F.3d 32, 57 (2021), petition for
cert. pending, No. 21-447 (Sept. 15, 2021).  Writing for a
unanimous panel, Judge Kearse reasoned that "an attempt to
commit Hobbs Act robbery using force necessarily involves the
attempted use [] of force under § 924(c)(3)(A) [the force
clause]."  Id. (quotation marks omitted).  Thus, without
question, at least one of Mr. Scott's three predicate offenses
remains valid after Davis while one does not, which forecloses
Mr. Scott's principal argument.  (See id.)

    Mr. Scott's alternative argument--that even if one
predicate offense remains valid, this Court still cannot
ascertain on which count(s) the jury relied because it reached a
general verdict after being instructed on multiple theories of
guilt--also fails.[5]  As a threshold matter, the Court of Appeals
has counseled that where at least one valid and one invalid
predicate exist, a § 924(c) conviction may be upheld. See, e.g.,

---

[5] In a letter dated January 4, 2020, Petitioner notified this
Court of a Fourth Circuit decision, United States v. Runyon, 994
F.3d 192 (4th Cir. 2020), in support of this proposition. (See
dkt. no. 152). Yet, as the Government noted in its reply, the
law on this question is already settled in this Circuit contrary
to Mr. Scott's position. (See dkt. nos. 148 at 22-23; 153 at 1.)

United States v. Eldridge, 2 F.4th 27, 35-40 (2d Cir. 2021)
(upholding a § 924(c) conviction with at least one invalid and
one valid predicate); United States v. Walker, 789 F. App'x 241,
244-45 (2d Cir. 2019) (summary order) ("The § 924(c) conviction
of [] Defendant rested on convictions for both conspiracy and
substantive Hobbs Act robbery as the predicate crimes of
violence. Our prior holding . . . that substantive Hobbs Act
robbery is a crime of violence under the elements clause
of § 924(c)(3)(A), . . . remains binding on us in this case.").

Relatedly, if a § 924(c) conviction based on firearm use in
relation to multiple predicates faces a later invalidated
predicate, the conviction will stand if it is "clearly supported
by a [] predicate presenting no legal concern." United States
v. Vasquez, 672 F. App'x 56, 61 (2d Cir. 2016); see also United
States v. Viera, 14-cr-83 (ER), 2021 U.S. Dist. LEXIS 68477, at
*4-5 (S.D.N.Y. Apr. 8, 2021) (applying Vasquez to hold that a
§ 924(c) conviction "is not subject to vacatur because it is
also premised on the still-valid drug trafficking offense");
United States v. Morales, 06-cv-10217 (DC), 96-cr-317 (DC), 2021
U.S. Dist. LEXIS 202552, at *13-14 (S.D.N.Y Oct. 18, 2021)
(accord).  The question, then, is whether the jury relied on a
valid predicate that does not present a "legal concern." See
Vasquez, 672 F. App'x 56.

Mr. Scott urges this Court to presume that the jury relied solely on the conspiracy charge in finding him guilty of the § 924(c) charge because conspiracy was the least serious of the crimes charged.  (See Mot. at 14.)  As support, Mr. Scott cites to Bachellar v. Maryland, 397 U.S. 564 (1970) and United States v. Zillgitt, 286 F.3d 128 (2d Cir. 2002).  (See id. at 14.) These cases, however, predate Hedgpeth's mandate to evaluate whether a flawed instruction "had substantial and injurious effect or influence" on a jury's general verdict.  Hedgpeth, 555 U.S. at 58.

In Eldridge, the Court of Appeals engaged in the relevant analysis.[6]  Eldridge concerned a defendant's contesting his § 924(c) conviction predicated on convictions for conspiracy and attempt to commit Hobbs Act robbery and kidnapping.  See Eldridge, 2 F.4th at 35-40.  To evaluate the defendant's § 924(c) conviction, which emanated from a general verdict, the Court noted that where it is "overwhelmingly likely that any

---

[6] Though the Court of Appeals decided Eldridge's § 924(c) question on direct appeal under a plain error standard of review, see Eldridge, 2 F.4th at 36-40, both the Court of Appeals and district courts in this Circuit "have applied Eldridge or similar reasoning to habeas petitions before them." Pagan v. United States, No. 3:16-cv-00601 (JCH), 2021 U.S. Dist. LEXIS 205949, at *16 (D. Conn. Oct. 25, 2021); see also, e.g., Riccardi v. United States, 859 F. App'x 590, 591 (applying Eldridge in a habeas case); United States v. Gomez, No. 97-cr-696, 2021 U.S. Dist. LEXIS 153945, at *5, *8 (S.D.N.Y. Aug. 16, 2021) (accord).

reasonable juror would have convicted on the basis" of a valid predicate, the conviction will stand.  Id. at 38 (quoting United States v. Skelly, 442 F.3d 94, 99 (2d Cir. 2006)).  After evaluating the relevant predicate charges in light of the record, the Court concluded that "there can be no doubt that the jury—-which clearly found Eldridge guilty of brandishing a firearm . . .--would have concluded that he did so during and in relation to an attempted Hobbs Act robbery."  Id. at 40.

Similar to the charges in Eldridge, here the Government established at trial beyond a reasonable doubt that Mr. Scott attempted to commit Hobbs Act robbery as part of a plan with Mr. White to steal marijuana and related proceeds from an apartment. (See Opp. at 2-4.)  The attempted robbery charge is thus inextricably linked to both the conspiracy charge and the attempt to possess and distribute marijuana charge.[7]  It is therefore implausible that the jury would rely solely on the lesser conspiracy charge to justify a firearm sentencing enhancement.  See Vilar v. United States, No. Cr. 551 (CS), 2020 U.S. Dist. LEXIS 4074, at *7-8 (S.D.N.Y. Jan. 3, 2020) ("There

---

[7] As the Court of Appeals noted in Eldridge, the differences between the conspiracy and attempt charges for Hobbs Act robbery are slim. See Eldridge, 2 F.4th at 39-40 ("The only meaningful difference between the conspiracy and attempt charges . . . is that for the former, [the defendant] had to have reached an agreement with another person to commit the robbery; while for the latter, he had to have taken a substantial step to actually commit the robbery.").

is simply no interpretation of the facts in the record that
would have allowed a finding that Petitioner used the gun in
furtherance of the conspiracy but not the attempt."). 
Additionally, Mr. Scott's attempt to possess marijuana while
using or carrying a firearm cannot be disentangled from the
attempted robbery given the location of the marijuana in the
apartment which Mr. Scott broke into.  (See Opp. at 2-4.)  Thus,
the jury "necessarily" had to rely on at least the attempted
robbery charge, which remains a valid predicate for a
categorical crime of violence, to convict Mr. Scott under
§ 924(c).  Ferguson, 676 F.3d at 277.

Because the jury would have reached the same verdict as to
the attempted Hobbs Act Robbery and § 924(c) charges regardless
of a now defective instruction, the Court need not reach the
parties' disagreement as to whether Mr. Scott's drug trafficking
charge remains a valid predicate after Davis.  (See Mot. at 10-
12; Opp. at 12-16.); see also, Eldridge, 2 F.4th at 35-36
(declining to decide whether a kidnapping in aid of racketeering
charge remained a valid predicate for § 924(c) purposes where
the Court had addressed the same question on the Defendant's
Hobbs Act attempt and conspiracy charges).  In short, Mr.
Scott's § 924(c) conviction stands.

IV.   <u>Conclusion</u>

For the reasons set out above, Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 147) is denied.

The Clerk of Court is directed to close the open motion (dkt. no. 147 in 08-cr-360.)  The Clerk of the Court is further directed to mail a copy of this order to Mr. Scott.

**SO ORDERED.**

Dated:      New York, New York
            December 2, 2021

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge