UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ ANTONIO SCOTT,                        │
│                                       │
│                    Petitioner,        │
│                                       │
│ -against-                             │
│                                       │
│ UNITED STATES OF AMERICA,             │
│                                       │
│                    Respondent.        │
└─────────────────────────────────────┘
```

08-CR-360 (LAP)
16-CV-5132 (LAP)

MEMORANDUM & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Petitioner Antonio Scott's motion, pursuant to 28 U.S.C. § 2255, to vacate his 18 U.S.C. § 924(c) convictions based on United States v. Davis, 139 S. Ct. 2319 (2019). (See Motion to Vacate ("Mot."), dated June 26, 2020 [dkt. no. 147].)[1] The Government opposed the motion. (See Memorandum in Opposition ("Opp."), dated July 27, 2020 [dkt. no. 148].) Mr. Scott filed both a reply and a letter to supplement his motion; the Government responded to the latter in opposition. (See dkt. nos. 149, 152, and 153.) On December 2, 2021, the Court denied Mr. Scott's petition pursuant to 28 U.S.C. § 2255 to vacate his 18 U.S.C. § 924(c) conviction. (Dkt. no. 161.) Mr. Scott appealed, and the Court of Appeals subsequently granted a certificate of appealability on the issue of whether Mr. Scott's 924(c) conviction "remains supported by any valid crime- of-violence predicate," vacated this Court's

---

[1] All citations to docket entries herein refer to 08-cr-360.

order, and remanded to this Court for further proceedings, with the mandate issuing forthwith. (See dkt. no. 166.)  Mr. Scott submitted supplemental briefing in further support of his motion to vacate on September 22, 2022 ("Pl.'s Supp. Brief"). (Dkt. no. 170.)  The Government responded on October 24, 2022 (dkt. no. 171), and Mr. Scott replied on November 14, 2022 (dkt. no. 172.)

For the reasons set forth below, the motion is denied.

**I.  Background**

On September 2, 2008, a grand jury issued a superseding indictment of Mr. Scott and one co-conspirator, O'Kene White, following a home invasion in which the two men targeted drugs and drug proceeds. (See dkt. no. 31 ¶¶ 1-2.)  While inside the apartment, the indictment alleges that Mr. Scott restrained its occupants while threatening them at gunpoint, physically assaulted an occupant, and discharged a firearm. (Id. ¶ 2.) The indictment charged Mr. Scott in four counts relevant to this motion. (See id. ¶¶ 1-5.)  Counts One and Two charged Mr. Scott with conspiracy and attempt to commit Hobbs Act robbery, respectively, in violation of 18 U.S.C. §§ 1951, 1952. (Id. ¶¶ 1-3.)  Count Three charged Mr. Scott with attempted possession with intent to distribute a controlled substance (marijuana), in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2. (Id. ¶ 4.)  Count Four charged

2

Mr. Scott with using and carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a crime of violence or drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (iii), and 2.  (Id. ¶ 5.)

At trial, Judge Harold Baer, Jr. instructed the jury that to find Mr. Scott guilty on Count Four, it must have found that the defendant committed at least one of the crimes specified in Counts One, Two, and Three.  (Dkt. no. 111 at 753-54.)  However, the jury's verdict form asked the jury only to mark "guilty" or "not guilty" on Count Four; it did not ask jurors explicitly to state the count(s) on which the Count Four conviction was predicated.  (See Mot. at 12-13; Opp. at 5.)  Following its deliberations, the jury convicted Mr. Scott on all four counts. (See Mot. at 1; Opp. at 5.)  Mr. Scott moved for a judgment of acquittal after trial. (See dkt. no. 59 at 1.)  In denying the motion, Judge Baer specifically rejected Mr. Scott's argument that "no rational juror could have found [Mr. Scott] guilty of attempted possession with intent to distribute marijuana."  (See id. at 10.)

Subsequently, on January 30, 2009, Judge Baer sentenced Mr. Scott to a total of 207 months imprisonment.  (See dkt. no. 71 at 3.)  This sentence included 87 concurrent months on each of Counts One and Two; 60 months on Count Three, to run concurrently with Counts One and Two; and 120 months on Count Four, to run

3

consecutively to the sentence on the first three counts.  (See
id.)

Following sentencing, Mr. Scott directly appealed his
convictions primarily on evidentiary grounds related to Counts
One, Two, and Three.  See United States v. White, 372 F. App'x.
115, 116 (2d Cir. 2010) (summary order).  The Court of Appeals
upheld each of Mr. Scott's challenged counts of conviction.  See
id. at 117.  Because the Court rejected Mr. Scott's evidentiary
challenges as to Counts One, Two, and Three, it "necessarily
decline[d] [Mr. Scott's] invitation to reverse [his] convictions
on the fourth count of possessing and discharging firearms
during and in furtherance of the other charged crimes."  Id. at
117.

In 2011, Mr. Scott filed a 28 U.S.C. § 2255 motion, pro se,
contesting his convictions on ineffective assistance and
prosecutorial misconduct grounds.  (See dkt. no. 80.)  The Court
denied the motion.  See Scott v. United States, 11-cv-4638 (HB),
2012 U.S. Dist. LEXIS 80797, at *4-6, 17 (S.D.N.Y Jun. 11,
2012).

In 2015, Mr. Scott's case was reassigned to this Court
following the death of Judge Baer.  (See dkt. no. 91.)  Soon
after, in light of the Supreme Court's decision in Johnson v.
United States, 576 U.S. 591 (2015), Mr. Scott filed a second

motion pursuant to 28 U.S.C. § 2255.[2]  (See dkt. no. 97.)  Mr.
Scott simultaneously sought permission from the Court of Appeals
to file a successive habeas petition.  (See Mot. at 2.)  This
Court stayed Mr. Scott's petition pending the Court of Appeals'
decision.  (See dkt. no. 134.)  On May 12, 2020, the Court of
Appeals granted Mr. Scott's motion with respect to his § 924(c)
conviction.  (See dkt. no. 135 at 1.)  The Court of Appeals
instructed this Court to conduct a detailed review of the
criminal proceedings and conduct further fact finding to
determine whether Mr. Scott's "924(c) conviction predicated in
part on conspiracy to commit Hobbs Act robbery . . . is no
longer valid after Johnson and Davis."[3]  (Id. at 2.)

On December 2, 2021, the Court denied Mr. Scott's petition
pursuant to 28 U.S.C. § 2255 to vacate his 18 U.S.C. § 924(c)
conviction based on United States v. Davis, 139 S. Ct. 2319
(2019).  (Dkt. no. 161.)  The Court reasoned that, based on the
then-binding Court of Appeals decision in United States v.
McCoy, 995 F.3d 32 (2021), Mr. Scott's conviction for attempted

---

[2] In Johnson, the Supreme Court ruled that the Armed Career
Criminal Act's sentencing enhancement provision's residual
clause was unconstitutionally void for vagueness.  See Johnson,
576 U.S. at 605-06.  Johnson opened the door to further attacks
on similarly worded federal criminal statutes' sentencing
enhancement provisions, such as the Hobbs Act at issue in Davis.
See Davis, 139 S. Ct. at 2324-29.

[3] The Court of Appeals also acknowledged that Mr. Scott's
§ 924(c) conviction may still be supported by a valid predicate.
(See dkt. no. 135 at 2.)

Hobbs Act robbery qualified as a crime of violence supporting his 924(c) conviction.  Mr. Scott appealed and, while the appeal was pending, the Supreme Court issued a decision in <u>United States v. Taylor</u>, 142 S. Ct. 2015 (2022), finding that attempted Hobbs Act robbery is not a crime of violence.  As a result of <u>Taylor</u>, the Supreme Court vacated the Court of Appeals' decision in <u>McCoy</u> on which this Court relied.  <u>See</u> <u>McCoy v. United States</u>, 142 S. Ct. 2863 (2022).  The Court of Appeals subsequently granted a certificate of appealability on the issue of whether Mr. Scott's 924(c) conviction "remains supported by any valid crime-of-violence predicate," vacated this Court's order, and remanded to this Court for further proceedings, with the mandate issuing forthwith.  (<u>See</u> dkt. no. 166.)

## II.  Legal Standard

### a. <u>The Habeas Statute</u>

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the grounds, <u>inter</u> <u>alia</u>, that the "sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  On a Section 2255 motion, the defendant bears the burden of proof by a preponderance of the evidence.  <u>See</u> <u>Triana v. United States</u>, 205 F.3d 36, 40 (2d Cir. 2000).

b. Section 924(c)

Section 924(c) makes it a crime to possess a firearm "during and in relation to any crime of violence or drug trafficking crime."  18 U.S.C. § 924(c)(a)(A).  The statute provides two definitions for what constitutes a "crime of violence."  The first, known as the "force clause" (or the "elements clause"), classifies a crime of violence as a felony which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  Id. at § 924(c)(3)(A).  The second, known as the "risk of force" clause (or the "residual clause"), classifies a crime of violence as a felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  Id. at § 924(c)(3)(B).  A "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."  Id. at § 924(c)(2).

The crime of violence residual clause, however, is no longer enforceable.  In Davis, the Supreme Court found that § 924(c)'s "risk of force" clause was unconstitutionally vague and invalidated the provision.  Davis, 139 S. Ct. at 2336.  As a result, a predicate "crime of violence" under § 924(c) is only

valid if it falls within the scope of the force clause.  See Boykin v. United States, No. 16 CV 4185 (CM), 2020 U.S. Dist. LEXIS 27317, at *11 (S.D.N.Y. Feb. 18, 2020) ("924(c)(3)(B) has been effectively stricken from the statute.").  As relevant here, in Taylor, the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence for purposes of 924(c). Taylor, 142 S. Ct. 2015, 2021 (2022).

     c. Jury Instructions on Multiple Theories of Guilt

     In Hedgpeth v. Pulido, the Supreme Court held that where a district court instructs a jury on multiple theories of guilt and at least one of them is later invalid, the question for reviewing courts is "whether the flaw in the instructions 'had substantial and injurious effect or influence in determining the jury's verdict.'"  Hedgpeth, 555 U.S. 57, 58 (2008) (per curium) (citing Brecht v. Abrahamson, 507 U.S. 619, 623 (1993)).  In the Second Circuit, the Court of Appeals has applied this directive to mean a "defendant is not prejudiced by an infirm instruction" if "the jury would have necessarily found the [defendant] guilty on one of the properly instructed theories of liability." United States v. Mandell, 752 F.3d 544, 549 (2014) (internal quotation marks omitted).  Under these circumstances, a defendant's conviction will be upheld.  See United States v. Ferguson, 676 F.3d 260, 277 (2d Cir. 2011); see also United

States v. Riley, 90 F. Supp. 3d 176, 186 (S.D.N.Y. 2015)
(applying the standard).

## III. Discussion

Mr. Scott argues that Davis, 139 S. Ct. 2319, and Taylor,
142 S. Ct. 2015, have invalidated the residual clause of §
924(c)(3)(B) as unconstitutionally vague and eliminated
attempted Hobbs Act robbery as a crime of violence.  Therefore,
Mr. Scott asserts, Counts One and Two can no longer serve as the
predicates for the § 924(c) charge.  Mr. Scott also argues that
Count Three, attempted possession of marijuana, cannot provide
the necessary predicate because possession of marijuana can be a
misdemeanor and not a felony and therefore, under the
categorical approach, does not satisfy 18 U.S.C. § 924(c)(2).
Mr. Scott also argues that, even if Count Three remains a valid
predicate offense, the Section 924(c) conviction must still be
vacated because the jury did not specify which crime his
conviction was based on.

Possession with intent to distribute marijuana remains a
valid predicate, and Mr. Scott's conviction under § 924(c) is
therefore supported by a valid predicate.  Mr. Scott argues that
the categorical approach requires that Court determine that his
marijuana conviction is not a valid predicate because Section
841(b)(1)(D) "does not categorically involve felony conduct."
(Pl.'s Supp. Brief 8.)  Under the categorical approach, the

9

Court must look "not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." Moncrieffe v. Holder, 569 U.S. 184, 190 (2013) (cleaned up).  In support of this argument, Mr. Scott relies on Moncrieffe, where the Supreme Court applied the categorical approach in the context of immigration proceedings to determine whether a state marijuana conviction constituted an "aggravated felony" under the Immigration and Nationality Act ("INA").  Id. at 193-94.  The Supreme Court reasoned that the state law conviction was not categorically a felony because Section 841(b)(1)(D) provides that a "person shall, except as provided in paragraphs (4) and (5) of this subsection, be sentenced to a term of imprisonment of not more than 5 years"—"i.e. as a felon."  Id. (quoting § 841(b)(1)(D)).  The exception in paragraph (4) states: "'[A]ny person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as' a simply drug possessor . . . which for our purposes means a misdemeanant."  Id. (quoting § 841(b)(4)).  Therefore, the Supreme Court found that Section 841(b)(1)(D) is a crime "that may be either a felony or a misdemeanor, depending upon the presence or absence of certain factors that are not themselves elements of the crime."  Id.  Mr. Scott argues that

this holding requires the Court to apply the categorical
approach and find that his conviction under Section 841(b)(1)(D)
cannot be a valid predicate because it is possible for a Section
841(b)(1)(D) conviction to be a misdemeanor.

Mr. Scott's reliance on Moncrieffe is misplaced.
Moncrieffe concerned "the treatment of state convictions under
the INA" and "has no bearing on . . . the default sentencing
provision of the federal marijuana distribution offense set
forth in Section 841(b)(1)(D)."  Medina v. United States, 2020
U.S. Dist. LEXIS 192995, at *15 (S.D.N.Y. Oct. 18, 2020);
Winfield v. Wilson, Civil Action No. 3:14CV172, 2015 U.S. Dist.
LEXIS 25600, at *6-7 (E.D. Va. Mar. 2, 2015) ("The Court fails
to discern how Moncrieffe applies to Winfield's conviction of
felony possession with intent to distribute marijuana.  Unlike
the petitioner in Moncrieffe, the federal statute under which
the jury convicted Winfield clearly prescribed felony punishment
for Winfield's conduct.").  Indeed, as the Court of Appeals for
the Tenth Circuit found, the analysis for "a federal prosecution
. . . case is different" from that employed in Moncrieffe, where
the Supreme Court itself "noted that federal prosecutions are
different and may be subject to a different process than it
employed to analyze" the "state conviction" in Moncrieffe.
Osuna-Gutierrez v. Johnson, 838 F.3d 1030, 1038 (10th Cir.
2016).  The Tenth Circuit reasoned that while the "criminal

11

conduct at issue" in Osonu-Gutierrez was "similar" to the conduct in Moncrieffe, the "convictions were not—an ultimately fatal flaw to [petitioner's] appeal.  [Petitioner] was not convicted of a state crime to be compared to a federal generic crime on appeal.  He knowingly pled guilty to a federal felony." Id.  Simply put, "Moncrieffe did not involve review of a federal marijuana distribution conviction, and its holding regarding the treatment of state convictions under the INA has no bearing on . . . the default sentencing provision of the federal marijuana distribution offense set forth in Section 841(b)(1)(D)." Medina, 2020 U.S. Dist. LEXIS 192995, at *14-15.

Those default provisions are what apply here.  When an indictment for unlawful distribution does not specify a quantity of marijuana, the default sentencing provision of five years applies.  See United States v. Outen, 286 F.3d 622, 638 (2d Cir. 2002); see also United States v. Eddy, 523 F.3d 1268, 1271 (10th Cir. 2008).  Though Section 841(b)(4) provides "a mitigating exception to the five-year provision of § 841(b)(1)(D)" Outen, 286 F.3d at 637, the Government need only prove that a defendant possessed marijuana with intent to distribute to secure a felony conviction under Section 841(b)(1)(D) and is not required to negate the factors of Section 841(b)(4).  See Moncrieffe, 569 U.S. at 197.  Rather, it is the defendant's burden to prove that his conduct was a misdemeanor that merits the lesser sentence.

<u>Id.</u>  Thus a conviction under Section 841(b)(1)(D) is, by default, a felony and only becomes a misdemeanor if the defendant, as opposed to the Government, makes an adequate showing that it should not be a felony.

Here, Mr. Scott was indicted for violating Section 841(b)(1)(D), putting him on notice of the charge and the applicable five-year sentencing provision.  At trial, Mr. Scott had the burden of presenting evidence to support the application of the Section 841(b)(4) exception, which he did not do. Rather, at trial, the Government proved beyond a reasonable doubt that Mr. Scott was guilty of violating Section 841(b)(1)(D), was convicted of that crime by the jury, and was sentenced to sixty months (five years) for that crime.  Mr. Scott was, in other words, charged with, convicted of, and sentenced for a "felony punishable under the Controlled Substances Act."  And, as the Court previously concluded, Mr. Scott "attempt[ed] to possess" and distribute "marijuana while using or carrying a firearm."  (Dkt. no. 161 at 13.)  Therefore, Mr. Scott's argument that his narcotics conviction does not categorically involve felony conduct fails, Mr. Scott used a firearm in connection with "felony punishable under the Controlled Substances Act," and Count Three is a valid predicate for his § 924(c) conviction.

Mr. Scott also asserts that even if one of the underlying offenses qualifies as a predicate, the section 924(c) conviction is invalid due to the general jury instruction.  Mr. Scott is incorrect.  In United States v. Vasquez, 672 F. App'x 56 (2d Cir. 2016) (summary order), on a direct appeal from his convictions of (1) conspiracy to distribute narcotics; (2) conspiracy to commit Hobbs Act robbery; and (3) discharge of a firearm in relation to a drug trafficking crime or crime of violence, the Court held that Vasquez's Section 924(c) conviction was "clearly supported by a narcotics predicate" because "the sole . . . theory supporting Vasquez's [Section] 924 convictions is that co-conspirator Polanco fatally discharged a firearm in furtherance of an agreement to rob drug dealers and to distribute any recovered narcotics and narcotics proceeds."  Id. at 58-61; Marmolejos v. United States, No. 21-426-pr, 2022 U.S. App. LEXIS 31222, at *5 (2d Cir. Nov. 10, 2022) (holding that a "jury's verdict on the firearms offenses could not have been predicated on robbery and murder-for-hire without also being predicated on the narcotics conspiracy" where "the only evidence of [petitioner]'s involvement in the narcotics conspiracy for which he stands convicted completely overlaps with the evidence of his involvement in the Hobbs Act robbery conspiracy, the conspiracy to commit murder-for-hire, and the substantive murder-for-hire").

14

The same is true here.  The Government established at trial beyond a reasonable doubt that Mr. Scott attempted to commit Hobbs Act robbery as part of a plan with Mr. White to steal marijuana and related proceeds from an apartment.  (See Opp. at 2-4.)  And as the Court explained in its December 2 Order, "[t]he attempted robbery charge is [] inextricably linked to both the conspiracy charge and the attempt to possess and distribute marijuana charge" and that Mr. Scott's "attempt to possess marijuana while using or carrying a firearm cannot be disentangled from the attempted robbery."  (Dkt. No. 161 at 12-13.)  Thus, "[c]onsistent with the reasoning in Vasquez," Mr. Scott's "convictions for narcotics trafficking and Hobbs Act" violations "were inextricably intertwined such that there is no concern that the jury could have found that a firearm was used in connection with one and not the other."  United States v. Freeman, No. 02-CR-150 (LAP), 2022 U.S. Dist. LEXIS 116152, at *6 (S.D.N.Y. June 30, 2022).  As such, "the Section 924(c) conviction is supported by the narcotics trafficking conviction."  Id.

## IV.  Conclusion

Mr. Scott's motion to vacate his Section 924(c) conviction is denied.

15

The Clerk of the Court shall mail a copy of this order to Defendant and close the open motions at dkt. nos. 152, 158, 168, and 170.

**SO ORDERED.**

Dated:    June 6, 2023
          New York, New York

LORETTA A. PRESKA
Senior United States District Judge

16